UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DANNY W. MICHAEL, III,

Defendant.

18-CR-120-V
ORDER

The defendant, Danny W. Michael, III, was charged in a superseding indictment with conspiracy to possess with intent to distribute, and conspiracy to distribute, at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); three counts of possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 5, 6, and 11); four counts of possession with intent to distribute and distribution of at least 5 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts 8, 10, 29, and 30); possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 31); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 32). Docket Item 85.

On July 22, 2019, Michael moved, inter alia, to suppress evidence and statements. Docket Item 251. The government responded on August 19, 2019, Docket Item 277, and United States Magistrate Judge Michael J. Roemer heard oral argument on September 16, 2019, Docket Item 289. Judge Roemer directed that any affidavits of standing and supplements to the record be filed by September 30, 2019, and he

scheduled an evidentiary hearing on the motion to suppress evidence to begin on November 14, 2019.

Michael filed an affidavit of standing on September 30, 2019, Docket Item 295, and the hearing was rescheduled to December 13, 2019.  At the hearing, the government called Jamestown Police Officer Sydney Wheeler, Jamestown Police Lieutenant Robert Ward, and Jamestown Police Detective Jeremy Maggio to testify; it also introduced several exhibits and then rested.  Docket Items 357, 382, and 387.  Michael filed a second affidavit of standing on December 16, 2019.  Docket Item 356.

The evidentiary hearing continued on January 16, 2020, when Michael called Jamestown Police Officer Thomas Cocker to testify and bodycam recordings of the encounter at issue were introduced into evidence.  Docket Items 376 and 383.  On January 23, 2020, Michael re-called Officer Wheeler to testify, and the evidentiary hearing concluded.  Docket Items 384 and 385.  Michael filed his post-hearing memorandum on February 20, 2020, Docket Item 408, and the government responded on February 28, 2020, Docket Item 420.

Judge Roemer issued a Decision and Order addressing Michael's nondispositive motions on April 9, 2020, Docket Item 440, and a Report and Recommendation ("R&R") on Michael's motions to suppress on May 22, 2020, Docket Item 485.  Michael objected to the R&R on June 3, 2020, Docket Item 492; the government responded on June 22, 2020, Docket Item 531; and Michael replied on June 29, 2020, Docket Item 544.  This Court heard oral argument on Michael's objections on July 7, 2020.  Docket Item 566.  At the conclusion of oral argument, the Court adopted Judge Roemer's R&R insofar as it addressed the search-related issues.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the objections, the response, the reply, and the materials submitted to Judge Roemer, including the bodycam footage that captured the defendant's statements to law enforcement. Based on that *de novo* review, the Court accepts and adopts the R&R, including the recommendation to deny the defendant's motion to suppress his statements to law enforcement.

As a threshold matter, the Court agrees with Judge Roemer that Michael's temporary detention was custodial for purposes of *Miranda*. *See* Docket Item 485 at 29. The Court also agrees with Judge Roemer that Second Circuit precedent does not compel the automatic suppression of the resulting statements, however, and that the public safety exception as articulated in *United States v. Quarles*, 467 U.S. 649 (1984), applies. *Id.*

Neither in his underlying motion to suppress, nor in his post-hearing memorandum, nor in his objections does Michael specify the statements he seeks to suppress. The Court therefore assumes that he is seeking to suppress the entire exchange and has carefully viewed the exchange captured on the bodycam video. That footage recorded the brief questioning of Michael while he was standing in the driveway at 49 Anderson Street, Jamestown, New York, next to a vehicle and near a pile of clothes that had been removed from the vehicle prior to the arrival of the police.

The questions posed to Michael were narrowly tailored and limited in scope to ascertain whether there were any weapons in the pile of clothes 9or in the vehicle—questions necessary to ensure public safety since 9-millimeter ammunition was seen in plain view among the clothes in the driveway.  The officers were on the scene in response to a call about a domestic assault and had found Michael and a woman with facial bruises secreted in the back room of a garage.  The Court agrees with Judge Roemer that "these were dynamic circumstances which challenged officers to assess which parties posed an immediate threat to themselves or other civilians and ascertain if there were unsecured weapons." *Id*. at 31.

Accordingly, for the reasons stated above and in the R&R, and for the reasons stated on the record during oral argument before this Court on July 7, 2020, Michael's motion to suppress is DENIED.


SO ORDERED.


Dated:     July 15, 2020
           Buffalo, New York


                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE